101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Albert TULLOCH, Plaintiff-Appellant,
v.
Walter R. KELLY, Superintendent; M. Cunningham, Correction
Sgt., Defendants,
Thomas A. Coughlin, III, Corrections Commissioner; Joseph
Kihl, Defendants-Appellees.
 No. 96-2068.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
 
 Albert Tulloch, pro se, Sullivan Correctional Facility, Fallsburg, New York, for Appellant.
 Martin A. Hotvet, Assistant Attorney General, State of New York, Albany, New York, for Appellee.
 Present: WINTER, LEVAL, CABRANES, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Western District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is hereby dismissed.
 
 
 3
 Albert Tulloch, pro se, appeals from Judge Elfvin's order granting defendants' motion for summary judgment and dismissing the complaint. Tulloch argues that the district court improperly granted summary judgment because he had established that his 180-day confinement in a special housing unit was a significant and atypical hardship, in violation of his right to due process.
 
 
 4
 Tulloch filed a notice of appeal on January 16, 1996, before the new fee requirements of the Prison Litigation Reform Act ("PLRA") took effect on April 26, 1996, Pub.L. No. 104-134, 110 Stat. 321, §§ 1915(a)(2), (b), 1997e as amended by PLRA §§ 803, 804(a)(1)(F), (a)(3). The PLRA requires that prisoners filing appeals in forma pauperis submit prison account statements, pay an initial partial filing fee and pay the full filing fee over time, if they do not qualify for its full waiver. Id.
 
 
 5
 We have held that the PLRA applies to prisoners who filed a notice of appeal prior to the PLRA's effective date, Covino v. Reopel, No. 96-2295, slip op. ------ (2d Cir. July ------, 1996). The retroactive application includes prisoners who, like Tulloch, had in forma pauperis status before the district court and the district court has not revoked it. Id.
 
 
 6
 Because appellant has not complied with the PLRA, we will dismiss his appeal in 30 days unless within that time he complies with the PLRA procedure set forth in Leonard v. Lacy, No. 96-2393, slip op. ---- (2d Cir. July ---, 1996). Tulloch is advised that if he avoids dismissal of this appeal by complying with the appropriate PLRA procedures, the appellate fees will continue to be debited from his account no matter how his appeal is later decided.